**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**Jerald.E.Gilbert@tn.gov**

October 15, 2012

State Farm Fire & Casualty Company                    Certified Mail
2500 Memorial Boulevard % Jeff Shay                   Return Receipt Requested
Murfreesboro, TN 37131-0001                            7011 2970 0003 4364 5554
NAIC # 25143                                           Cashier # 5705

Re:    Julian B. Richmond  V.  State Farm Fire & Casualty Company

       Docket # 4549

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of
Commerce and Insurance was served October 15, 2012, on your behalf in connection with th
above-styled proceeding.  Documentation relating to the subject is herein enclosed.

Jerald E. Gilbert
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Hardin County
    601 Main Street
    Savannah, Tn 38372



REC"D BY JEFF SHAY

OCT 1 9 2012

ROUTE TO:
COPIES TO:

# SUMMONS



## STATE OF TENNESSEE

## CIRCUIT COURT OF HARDIN COUNTY

**JULIAN B. RICHMOND,**
         **Plaintiff,**

v.

**STATE FARM FIRE AND CASUALTY COMPANY,**
         **Defendant.**

**CIVIL ACTION**

No. 4549

To the above named Respondent:

FILED 9th DAY OF Oct 2012 AT 2:55 AM/PM
DIANE POLK, CLERK
BY: Lua Smith CLERK

STATE FARM FIRE AND CASUALTY COMPANY
SERVED THROUGH THE STATE OF TENNESSEE
Department of Commerce and Insurance
Attention: Service of Process
500 James Robertson Parkway
Nashville, TN 37243-1131

You are hereby summoned and required to serve upon **CHADWICK G. HUNT, Attorney At Law** whose address is **450-A Main Street, Savannah, TN 38372,** an answer to the complaint/petition which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

WITNESS, **DIANE POLK**, Clerk of said Court, at office this the ____ day of _____ . 2012.

**DIANE POLK**, Clerk

BY: _____
                 Deputy Clerk

Served this the _____ day of _____, 2012, at _____ A.M./P.M.

_____
Deputy Sheriff/Constable/Process Server

This Summons is issued pursuant to Rule 4 of the Tennessee Rules of Civil Procedure.



# IN THE CIRCUIT COURT OF HARDIN COUNTY, TENNESSEE
## TWENTY-FOURTH JUDICIAL DISTRICT AT SAVANNAH

**JULIAN B. RICHMOND,**
**Plaintiff,**

**v.**

Civil Action No. 4549

**STATE FARM FIRE AND CASUALTY COMPANY,**
**Defendant.**

---

## COMPLAINT

---



**COMES NOW** the Plaintiff, JULIAN B. RICHMOND, hereinafter referred to as "Plaintiff", by and through undersigned counsel and for his Complaint filed against the Defendant, STATE FARM FIRE AND CASUALTY COMPANY, hereinafter referred to as "Defendant", would state and show as follows:

1.  Plaintiff is a citizen and resident of Hardin County, Tennessee, residing at 545 Walnut Street, Savannah, Tennessee 38372.

2.  Defendant is an insurance company, incorporated under the laws of the State of Illinois. Defendant has qualified to and does business in the State of Tennessee in marketing, sales and services of fire insurance policies and is therefore subject to the jurisdiction of this Court.

3.  On or about December 18, 2003, Defendant insured Plaintiff's home against loss or injury by fire and other perils, bearing policy of insurance number 42-GZ-6699-3, with its latest policy term covering December 18, 2010 to December 18, 2011.

4.    On or about October 12, 2011, and while the policy was in full force and effect, Plaintiff's home located at 545 Walnut Street, City of Savannah, County of Hardin, State of Tennessee, and the contents therein were severely damaged as the result of a fire, of which Defendant has had timely and proper notice.

5.    Thereafter, on November 3, 2011, notice of loss and damage, including Plaintiff's Statements of loss, was properly given by the Plaintiff to the Defendant, all in accordance with the terms of the aforesaid policy.

6.    Although Plaintiff has performed all conditions precedent to his right of recovery under said policy of fire insurance, the Defendant has failed and refused to make payment to the Plaintiff for his losses and damages sustained.

7.    On February 7, 2012, the Plaintiff made formal demand on the Defendant for payment under the terms of the policy.  A copy of the formal demand is attached as Exhibit A.

**WHEREFORE**, Plaintiff demands judgment against the Defendant for $100,000.00, together with prejudgment and post judgment interest, attorney fees, court costs and discretionary costs.

Respectfully submitted,

CHADWICK G. HUNT, B.P.R. No. 018720
Attorney for Plaintiff
450 A- Main Street
P.O. Box 1772
Savannah, Tennessee 38372
731-925-1400 (Telephone)
731-925-1488 (Facsimile)

TERRY L. WOOD, BPR No. 014010 *with permission on 10/9/12*
Attorney for Plaintiff
236 N. Maple Street
Adamsville, Tennessee 38310
731-632-4266 (Telephone)
731-632-4268 (Facsimile)

## COST BOND

I am surety for costs adjudged against the Plaintiff in this cause.

CHADWICK G. HUNT, SURETY

By: _____
CHADWICK G. HUNT

# Chadwick G. Hunt

**Attorney At Law**

450-A Main Street • Savannah, Tennessee 38372
Telephone: (731) 925-1400 • Telecopier: (731) 925-1488

S. Althea Fleeman, Paralegal

February 7, 2012

State Farm Fire and Casualty                          VIA CERTIFIED MAIL
Attn: Mr. J.D. Kreager, CPCU                          RETURN RECEIPT REQUESTED
P.O. Box 661031
Dallas, TX 75266-1031

RE:   Claim Number:      42-049G-201
      Policy Number:     42-GZ-6699-3
      Insured:           Julian B. Richmond
      Date of Loss:      October 12, 2011
      Loss Location:     545 Walnut Street
                         Savannah, TN 38372

Dear Mr. Kreager:

　　　　I am in receipt of your letter dated January 25, 2012, wherein your company denied
Mr. Richmond's claim for policy benefits arising out of damages to his home and personal
property due to fire on October 12, 2011. In your letter denying the above referenced claim,
you base the denial on the claim investigation by State Farm Fire and Casualty. Moreover,
you indicate that this "investigation" reveals that Mr. Richmond committed fraud and arson by
setting fire to his home at 545 Walnut Street, or procuring someone else to burn the home.

　　　　We however are confident that this denial is completely erroneous and lacking a good
faith basis. On behalf of Mr. Richmond, I request a true and exact copy of any written report
of the fire investigation upon which State Farm relied in reaching the decision to deny my
client's timely claim submission. I am interested to see what evidence State Farm
investigators have showing Mr. Richmond committed fraud by burning or procuring someone
to burn his home on Walnut Street. I am equally interested in discerning whether State
Farm's investigation revealed any policy violations committed by State Farm employees in the
crucial early stages of this investigation.

　　　　Please accept this letter as my client's formal demand for $102,200.00, representing
his claim for damages to his dwelling, and $57,000.00 for his claim on his personal property,
less the $1,000.00 deductible. Of course, we expect all of Mr. Richmond's additional living
expenses under the policy Loss of Use provision to be paid for a period of up to twenty-four
(24) months. Mr. Richmond is in the process of having a contractor look at the damage to his

FILED _9+h_ DAY OF _Oct 2012_ AT _____ AM PM
         DIANE POLK, CLERK
BY: _Lisa Smith_   CLERK _____

home and assess whether or not it can be repaired and if so, he may be willing to accept the amount necessary to restore the home to the condition it was in prior to the fire on October 12, 2011. We will provide any additional information we obtain in this regard.

Should you once again deny Mr. Richmond's claim, please be advised that we intend to file suit against State Farm in the Hardin County Circuit Court. If we are forced to file a lawsuit in order to recover damages for Mr. Richmond's losses, we shall seek the policy limits on both his home and personal property, as well as all costs and expenses of suit, attorney fees, prejudgment and post-judgment interest and discretionary costs. Our suit shall also seek maximum damages pursuant to T.C.A. § 56-7-105(a) for bad faith refusal to pay Mr. Richmond's claim.

Finally, in Section I – Conditions, the policy provides in subsection 10 for the payment of the valid claim of a mortgagee, even when State Farm denies the claim of their insured, in this case Mr. Richmond. Please inform us of State Farm's position on this issue at your earliest convenience. Please review this letter and provide the requested documentation as soon as practical. Likewise, please respond to our demands as to Mr. Richmond's claim no later than sixty (60) days from your receipt of this correspondence. Mr. Richmond's life has been chaotic since October 12, 2011, despite the fact that he placed his trust and hard earned money in State Farm Fire and Casualty Company when he secured coverage of his home and contents. If you intend to continue the unconscionable denial of this claim, prompt notice of this fact will allow us to properly seek all damages referenced hereinabove. Should you have any questions or concerns, please contact me at any time. Please note my correct address: 450-A Main Street, not 450 Main Street as stated in your last correspondence. Thank you for your cooperation.

Sincerely,

Chadwick G. Hunt
Attorney at Law

cc: Mr. Julian B. Richmond



7010 3090 0000 0117 2126



RER - 49402-72324

IN THE CIRCUIT COURT OF HARDIN COUNTY, TENNESSEE

| | | |
|---|---|---|
| JULIAN B. RICHMOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 4549 |
| | ) | |
| STATE FARM FIRE AND | ) | |
| CASUALTY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF APPEARANCE

RUSSELL E. REVIERE hereby enters an appearance as counsel of record for

Defendant, STATE FARM FIRE AND CASUALTY COMPANY, in this cause.

RAINEY, KIZER, REVIERE & BELL, P.L.C.

By: _____

RUSSELL E. REVIERE, #7166
Attorney for Defendant
209 East Main Street
P. O. Box 1147
Jackson, TN 38301-1147
(731) 423-2414

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of this pleading or document was served upon counsel for each of the parties by mailing postage prepaid or by delivery to the person or office of such counsel.

This the 5th day of November, 2012.

_____